JjWILLIAMS, Judge.
The plaintiff, Willis Manning, appeals the trial court’s ruling denying his motion for a new trial and/or DNA testing to *312 determine paternity. For the following reasons, we affirm.
FACTS
Willis and Cynthia Manning were married on May 28, 1979 in Ouachita Parish, Louisiana. Two children were born during this marriage, Talisha Manning and Antonio Manning. On March 16, 1984, the plaintiff, Willis Manning, filed a petition for legal separation. On October 8, 1985, he filed a supplemental and amended petition requesting a judgment of divorce “based on living separate. and apart for more than one (1) year.” The defendant, Cynthia Manning, filed an answer and re-conventional demand requesting sole custody of the parties’ minor children and child support in the amount of $150.00 per child, per month.
A judgment of divorce was granted on November 18, 1985. In the judgment, the defendant was awarded sole custody of the couple’s minor children and the plaintiff was ordered to pay $100 per month in child support for the months of December 1985 and January 1986, to be increased to $200 per month beginning February 1, 1986.
During the latter part of 1986, the parties began a sexual relationship that continued until some time in 1987. The defendant became pregnant and, on October 19, 1987, gave birth to a third child, James Manning. Blood tests were conducted and on October 2, 1991, proceedings were held to determine paternity. The results of the blood test established a 99.64 % probability of paternity and a paternity index of 275 to 1. Based on the blood test and testimony presented during trial, the trial court found that the State had proven by a preponderance of the evidence that the defendant is the biological father of the child, James |2Manning. On November 20, 1991, the State of Louisiana[1] filed suit against the defendant for an increase in child support alleging that there had been a change in circumstances, namely the birth of the child, James Manning, and a judgment of paternity against the defendant.
On January 28, 1999, the state again filed a motion to increase the child support award. Relying on LSA-C.C.P. art. 1972(2), the plaintiff filed a motion for a new trial and/or DNA testing. He contended that he had “discovered since the trial, evidence important to the cause, which he could not, with due diligence have obtained before or during the trial.” The plaintiff argued that DNA testing had become more prevalent in paternity cases since his trial to determine paternity and was much more advanced than the blood test that was performed in his case. The plaintiffs motion for a new trial was denied by both the hearing officer and the trial court. The plaintiff appeals.
DISCUSSION
When the alleged parent is alive, the burden of proving paternity is by a preponderance of the evidence. LSA-C.C. art. 209(A); State in the Interest of Robinson v. Sims, 31,333 (La.App.2d Cir.10/28/98), 721 So.2d 90; Litton v. Litton, 624 So.2d 472 (La.App. 2d Cir.1993), writ denied, 93-2657 (La.1/7/94), 631 So.2d 456. Simply stated, it must be shown that paternity by the defendant is more probable than not. Proof of paternity is a factual question, and a trial court’s determination of the issue should not be disturbed, absent manifest error. State in the Interest of Robinson v. Sims, supra.
The purpose of blood analysis is either to exclude an accused male from the possibility of paternity, or, if an alleged father is not excluded, to calculate the odds that he would have passed the disclosed genetic markers to a particular child. LState in the Interest of Robinson v. Sims, supra; *313 Litton v. Litton, supra. Where, as here, the scientific testing procedure is not timely challenged, the report shall be admitted into evidence and will constitute prima facie proof as to its contents. LSA-R.S. 9:97.3(B)(2)(a).
During the hearing on the motion for a new trial, the hearing officer considered testimony from Dr. Harris, an expert witness in biology from the Laboratory Corps of America. Dr. Harris explained that DNA testing came into dominant use during 1997. He also explained that there are DNA tests that could be administered that would have a higher rate of exclusion; however, the standard test that was in use when the plaintiff was tested is no more accurate than the blood test taken by the plaintiff. After reviewing the results of the blood test taken by the plaintiff, Dr. Harris opined that there were no defects in the blood test nor was there any reason to believe that the test was inaccurate.
The plaintiff discovered a new technological method by which to prove paternity. However, he did not offer any evidence to prove that DNA testing would yield a different result. Although the plaintiff accused the defendant of having sexual relations with at least two other men during the time in question, the defendant denied the accusation. There was no proof presented at trial to support the plaintiffs allegation that the defendant had engaged in sexual intercourse with someone other than the plaintiff during the relevant time period.
The results of the blood test show that the plaintiff was not excluded as the biological father of the child and plaintiff did not submit any evidence to prove that the test was in any way defective. Therefore, we find no error in the trial court’s ruling.
CONCLUSION
For the foregoing reasons, the trial court’s judgment denying the plaintiffs motion for a new trial and/or DNA testing to determine paternity is affirmed.
|4Costs of this appeal are assessed to the plaintiff, Willis Manning.
AFFIRMED.

. In subsequent proceedings, the State of Louisiana, Department of Social Services, was substituted as plaintiff.